Okey, J.
I concur in the conclusion reached in this case, and, generally, in what is stated in the opinion of the chief justice. I do not concur, however, in all that is stated in the syllabus. It is stated, in the ninth proposition that, “ where the city council determines that the amount of the assessment does not exceed the value of the benefits specially conferred, its judgment in the premises, in the absence of fraud, is final and conclusive, unless modified by the council before the final confirmation, as provided in section 588.” This was not called for by anything in the record ; and, even under our rule, such proposition does not become law by being placed in a syllabus. If I could concur in the proposition stated, I would have much difficulty in agreeing to the remaining portion of it, which is as follows : “ When the municipal authorities, in levying special assessment, do not undertake to determine the amount of special benefits *572 conferred, either in respect to the amount assessed, or in the apportionment of the burden, the assessment may be enjoined ; and, in an action for that purpose, parol evidence may be introduced to show that the authorities did not act on the proper basis.” No such exception is permitted in any state where the action of council is regarded as final in its character. But, in this state, courts may interfere in matters of that sort where great injustice is done, even though fraud be not shown. As, however, the acts on which this proceeding was founded have all been repealed, andas the present municipal code is in some respects different from the former statutes on the subject, I do not think that time and space should be taken to make a full, separate statement of my views.